IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| The City of Chicago, and Chicago Police | ) | |
| Officers Christopher Saladino, Star No. | ) | |
| 16094, and Daniel Trost, Star No. 10859, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Mario Frye was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police Officer Christopher Saladino, Star No. 16094, ("Saladino") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer Daniel Trost, Star No. 10859, ("Trost") was employed by the Chicago Police Department, and was acting

under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6.  At all times herein mentioned, the Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7.  On or about December 30, 2008, Plaintiff was lawfully in a public place, near 1530 S. Christiana Avenue in the City of Chicago, County of Cook, State of Illinois.

8.  On that day and place Saldino, Trost, and at least one other Chicago Police officer seized Plaintiff by physically controlling plaintiff, and eventually placing him under arrest.

9.  Plaintiff did not consent to being seized.

10. There was no outstanding arrest warrant for Plaintiff.

11. There was no legal cause to seize Plaintiff. Plaintiff had not engaged in illegal activity, was not in possession of any illegal narcotics, did not physically resist any orders given by defendants Saladino or Trost, and did not assault any police officer.

12. During the course of seizing Plaintiff Saladino, Trost, and at least one other Chicago Police Officer used force against Plaintiff. This force included forcing plaintiff to the ground and the use of chemical spray

13. There was no legal cause for Saladino or Trost to use force against Plaintiff.

14. On or about December 30, 2008, Defendants caused false criminal charges to be brought against Plaintiff.

15. On or about April 15, 2009, the criminal charges were terminated in Plaintiff's favor.

2

16. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Saladino and Trost for
### UNREASONABLE SEIZURE

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. By reason of the conduct by Saladino and Trost Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

21. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was

3

therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Saladino and Trost for
### EXCESSIVE FORCE

22.     Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

23.     During and immediately after Plaintiff's seizure, Defendant used excessive force against Plaintiff's person.

24.     There was no legal cause for Defendant to use force against Plaintiff.

25.     By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

26.     The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Saladino, Trost, and the City of Chicago For
### The Supplemental Claim Of MALICIOUS PROSECUTION

27.     Plaintiff incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

28.     Defendants Saladino and Trost caused a criminal prosecution to commence and continue against Plaintiff.

29. Saladino and Trost, police officers employed by Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

30. Saladino and Trost initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, preparing and signing false criminal complaints.

31. The criminal proceedings were terminated in the plaintiffs' favor on or about April 15, 2009.

32. The City of Chicago is liable to Plaintiff for the acts of Saladino and Trost pursuant to the doctrine of *respondeat superior*.

33. Therefore, Saladino, Trost, and the Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

5

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

        BY: s/ Garrett Browne
           Garrett Browne
           ED FOX & ASSOCIATES
           Attorneys for Plaintiff
           300 West Adams
           Suite 330
           Chicago, Illinois 60606
           (312) 345-8877
           gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY: s/ Garrett Browne
           Garrett Browne
           ED FOX & ASSOCIATES
           Attorneys for Plaintiff
           300 West Adams
           Suite 330
           Chicago, Illinois 60606
           (312) 345-8877
           gbrowne@efox-law.com