IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09CV6787 |
| | ) | |
| The City of Chicago, and Chicago Police | ) | Judge Gettleman |
| Officers Christopher Saladino, Star No. | ) | |
| 16094, and Daniel Trost, Star No. 10859, | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Officer Christopher Saladino, Officer Daniel Trost, and the City of Chicago ("City"), by their attorneys Daniel M. Noland and Derek B. Payette of Dykema Gossett PLLC, for their answer to plaintiff's complaint, state:

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

**ANSWER:**      Defendants admit plaintiff's complaint purports to bring an action pursuant to 42 U.S.C. § 1983. Defendants further admit plaintiff's complaint purports to assert federal and state claims which seek to invoke the jurisdiction of the Court. Defendants deny liability to plaintiff for any of the claims asserted in the complaint.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit venue is proper in the United States District Court, Northern District of Illinois. Defendants deny liability to plaintiff for any of the claims asserted in the complaint.

## PARTIES

3. At all times herein mentioned, Plaintiff Mario Frye was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4. At all times herein mentioned, Defendant Chicago Police Officer Christopher Saladino, Star No. 16094, ("Saladino") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that on December 30, 2008 Officer Christopher Saladino was a duly appointed police officer employed by the Chicago Police Department. Defendants admit that on that date Officer Saladino was assigned Star number 16094. Defendants admit that on that date Officer Saladino was acting within the scope of his employment and under color of law while participating in the lawful arrest of plaintiff at 1530 S. Christiana Avenue. Defendants further admit plaintiff's complaint purports to sue Officer Saladino in his individual capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer Daniel Trost, Star No. 10859, ("Trost") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that on December 30, 2008 Officer Daniel Trost was a duly appointed police officer employed by the Chicago Police Department. Defendants admit that on that date Officer Trost was assigned Star number 10859. Defendants admit that on that date Officer Trost was acting within the scope of his employment and under color of law while

participating in the lawful arrest of plaintiff at 1530 S. Christiana Avenue. Defendants further admit plaintiff's complaint purports to sue Officer Trost in his individual capacity.

6. At all times herein mentioned, the Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Chicago maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** Defendants admit the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois. Defendant City further admits the Chicago Police Department is an administrative department of the City of Chicago. Defendants deny any allegations contained in paragraph 6 inconsistent with the foregoing.

### FACTUAL ALLEGATIONS

7. On or about December 30, 2008, Plaintiff was lawfully in a public place, near 1530 S. Christiana Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants admit that on December 30, 2008, Plaintiff was near 1530 S. Christiana Avenue, Chicago, Illinois. Defendants deny the remaining allegations contained in paragraph 7.

8. On that day and place Saladino, Trost, and at least one other Chicago Police officer seized Plaintiff by physically controlling plaintiff, and eventually placing him under arrest.

**ANSWER:** Defendants admit that on December 30, 2008 Officers Saladino and Trost and another Chicago Police officer participated in the lawful arrest of plaintiff near 1530 S. Christiana Ave. Defendants deny any allegations contained in paragraph 8 inconsistent with the foregoing.

9 Plaintiff did not consent to being seized.

**ANSWER:** Defendants admit plaintiff did not consent to or cooperate with his lawful arrest.

10. There was no outstanding arrest warrant for plaintiff.

3

**ANSWER:** Defendants, upon information and belief, admit the allegations contained in paragraph 10.

11. There was no legal cause to seize Plaintiff. Plaintiff had not engaged in any illegal activity, was not in possession of any illegal narcotics, did not physically resist any orders given by defendants Saladino and Trost, and did not assault any police officer.

**ANSWER:** Defendants deny the allegations contained in paragraph 11.

12. During the course of seizing Plaintiff Saladino, Trost, and at least one other Chicago Police Officer used force against Plaintiff. This force included forcing plaintiff to the ground and the use of chemical spray.

**ANSWER:** Defendants admit that after plaintiff attempted to defeat his lawful arrest by punching Officer Saladino, Officers Saladino and Trost, and another Chicago police officer performed a take down/emergency handcuffing of plaintiff. Defendants further admit that Officer Saladino discharged his OC chemical spray in response to being punched by plaintiff. Defendants deny any allegations contained in paragraph 12 inconsistent with the foregoing.

13. There was no legal cause for Saladino and Trost to use force against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 13.

14. On or about December 30, 2008, Defendants caused false criminal charges to be brought against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 14.

15. On or about April 15, 2009, the criminal charges were terminated in Plaintiff's favor.

**ANSWER:** Defendants, upon information and belief, admit that the criminal charges against plaintiff arising out of his December 30, 2008 arrest resulted in a disposition of "Stricken from Docket with Leave to Reinstate" on April 15, 2009. Defendants deny the remaining allegations contained in paragraph 15.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained in paragraph 16. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in paragraph 17. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action so that she might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants admit plaintiff has appeared through an attorney in this case. Defendants admit the existence of 42 U.S.C. § 1988 and the Equal Access to Justice Act, but deny their applicability to this case. Defendants deny the remaining allegations contained in paragraph 18. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

## COUNT I
### Plaintiff Against Saladino and Trost for
### UNREASONABLE SEIZURE

The City of Chicago is not a party defendant from which plaintiff seeks relief in Count I. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in later counts against the City.

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place

**ANSWER:** Defendants adopt and restate their answers and responses to paragraphs 1 through 18 as and for their answer and response to paragraph 19 as if fully set forth herein.

20. By reason of the conduct by Saladino and Trost Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants have denied the allegations of misconduct asserted against Officers Saladino and Trost, which is the underlying premise of this paragraph, and they therefore deny the allegations contained in paragraph 20.

21. The arbitrary intrusion by Defendant [sic], into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant [sic] is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants have denied the allegations of misconduct asserted against Officers Saladino and Trost, which is the underlying premise of this paragraph, and they therefore deny the allegations contained in paragraph 21. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

WHEREFORE, Defendants, Officer Saladino and Officer Trost deny that plaintiff is entitled to any judgment whatsoever as against them, and they request that this Court enter judgment in their favor and against plaintiff on Count I, and for their costs and fees, and for such further relief as this Court deems just.

**COUNT II**
**Plaintiff Against Saladino and Trost for**
**EXCESSIVE FORCE**

The City of Chicago is not a party defendant from which plaintiff seeks relief in Count II. The City therefore does not answer or respond to the allegations in this count except to the extent plaintiff realleges and incorporates certain paragraphs in later counts against the City.

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place

**ANSWER:** Defendants adopt and restate their answers and responses to paragraphs 1 through 18 as and for their answer and response to paragraph 22 as if fully set forth herein.

23. During and immediately after Plaintiff's seizure, Defendant used excessive force against Plaintiff's person.

**ANSWER:** Defendants deny the allegations contained in paragraph 23.

24. There was no legal cause for Defendant to use force against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 24.

25. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants have denied the allegations of misconduct asserted against Officers Saladino and Trost, which is the underlying premise of this paragraph, and they therefore deny the allegations contained in paragraph 25.

26. The physical violence inflicted upon Plaintiff by [sic] was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant [sic] is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants have denied the allegations of misconduct asserted against Officers Saladino and Trost, which is the underlying premise of this paragraph, and they therefore deny the allegations contained in paragraph 26. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

WHEREFORE, Defendants, Officer Saladino and Officer Trost deny that plaintiff is entitled to any judgment whatsoever as against them, and they request that this Court enter judgment in their favor and against plaintiff on Count II, and for their costs and fees, and for such further relief as this Court deems just.

## COUNT III
### Plaintiff Against Saladino, Trost, and the City of Chicago For
### The Supplemental Claim of MALICIOUS PROSECUTION

27. Plaintiff incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

**ANSWER:** Defendants adopt and restate their answers and responses to paragraphs 1 through 18 as and for their answer and response to paragraph 27 as if fully set forth herein.

28. Defendants Saladino and Trost caused a criminal prosecution to commence and continue against Plaintiff.

**ANSWER:** Defendants admit Officers Saladino and Trost participated in the lawful arrest of plaintiff on December 30, 2008 at 1530 S. Christiana Avenue. Defendants further admit plaintiff was prosecuted for criminal charges arising out of that arrest. Defendants deny any allegations contained in paragraph 28 inconsistent with the foregoing.

29. Saladino and Trost, police officers employed by Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

30. Saladino and Trost initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, preparing and signing false criminal complaints.

**ANSWER:** Defendants deny the allegations contained in paragraph 30.

31. The criminal proceedings were terminated in the plaintiff's favor on or about April 15, 2009.

**ANSWER:** Defendants, upon information and belief, admit that the criminal charges against plaintiff arising out of his December 30, 2008 arrest resulted in a disposition of "Stricken from Docket with Leave to Reinstate" on April 15, 2009. Defendants deny the remaining allegations contained in paragraph 31.

32. The City of Chicago is liable to Plaintiff for the acts of Saladino and Trost pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendants deny the allegations contained in paragraph 32. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

33. Therefore, Saladino, Trost, and the Chicago [sic] are liable under the supplemental law claim of Malicious Prosecution.

**ANSWER:** Defendants deny the allegations contained in paragraph 33. Defendants further deny liability to plaintiff for any of the claims asserted in the complaint.

WHEREFORE, Defendants, Officer Saladino, Officer Trost, and the City of Chicago deny that plaintiff is entitled to any judgment whatsoever as against them, and they request that this Court enter judgment in their favor and against plaintiff on Count III, and for their costs and fees, and for such further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

Defendants, Officer Christopher Saladino, Officer Daniel Trost, and the City of Chicago, without prejudice to their denials and all other statements in their answer and elsewhere, for their affirmative defenses to plaintiff's complaint, state:

1. To the extent any individual employees of the City of Chicago or its police department are not liable as alleged in the complaint, the City would not be liable.

2. Defendant City is not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

9

4.      The City of Chicago is immune from the imposition of punitive damages under both state and federal law. Punitive damages cannot be imposed against a municipality in a §1983 action. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee.

5.      As to plaintiff's state law claims, Defendants are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to police reports and court documents, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his or her damages.

8.      An award of punitive damages would deprive Defendants Saladino and Trost of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

9. Under the Illinois Tort Immunity Act, Defendants Saladino and Trost are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

10. Defendants Saladino and Trost are not liable for any of plaintiff's claims because a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-202.

11. Defendants Saladino and Trost are entitled to qualified immunity for their conduct because it was not clearly established that Defendants Saladino and Trost's actions violated plaintiff's constitutional rights.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Dated: January 15, 2010                                  Respectfully submitted,

                                                         s/ Derek B. Payette
                                                         DEREK B. PAYETTE
                                                         Attorney for Defendants

Daniel M. Noland
Derek B. Payette
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2010, I electronically filed the foregoing **Defendants' Answer to Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent notification of the filing the same day to:

Edward M. Fox
Garrett Browne
Ed Fox & Associates
300 West Adams
Suite 330
Chicago, Illinois 60606

                                              s/ Derek B. Payette
                                              DEREK B. PAYETTE
                                              Attorney for Defendants