# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO FRYE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 09 C 6787 |
| | ) |
| v. | ) |
| | ) JUDGE GETTLEMAN |
| The City of Chicago, and Chicago Police | ) |
| Officers Christopher Saladino, Star No. | ) |
| 16094, and Daniel Trost, Star No. 10859, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTIONS IN LIMINE

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD; PLEASE TAKE NOTICE that Plaintiff's motions *in limine*, above-captioned, will be heard, if permitted, at a time and place set by the court.

By this motion, Plaintiff moves this court, *in limine*, before the jury selection, or the trial commences, for an order instructing Defendants and Defendants' counsel, and each and every one of their witnesses, not to mention, interrogate upon, or in any other manner, convey to the jury (unless permission to the contrary is first obtained from the court outside of the jury's presence), anything concerning the following:

(1) Any mention of plaintiff's prior arrests or convictions;

(2) Exclude non-party witnesses from courtroom;

(3) Bar N. Patel and Sara Busking from testifying at trial.

**Motion in Limine No. 1**

The defendants must not be permitted to in any way mention any arrests or convictions of

1

plaintiff.  This case involves claims of false arrest, excessive force and malicious prosecution.

It is true that several years ago plaintiff was arrested and convicted on multiple occasions.  Specifically, his "rap sheet" lists the following convictions[1]:

1) 2003 conviction for possession of a controlled substance;

2) 2003 conviction for possession of cannabis;

3) 2003 conviction for violation of probation;

4) 2001 conviction for escape from a penal institution;

5) 2001 conviction for possession of a controlled substance; and

6) 1997 conviction for possession of a controlled substance

These convictions are irrelevant to the issues in this case.  Rule 401 defines relevant evidence as that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would without the evidence."  Clearly, mentioning other arrests or convictions would not tend to make the existence of any disputed fact more or less probable.  Simply put, it would not assist the trier of fact in determining whether the defendants falsely arrested plaintiff, used excessive force against plaintiff, or maliciously prosecuted plaintiff.

Furthermore, mention of other arrests, and convictions that occurred 8 or more years before the trial of this case, should be excluded under Rule 403, because even if they were relevant any probative value is substantially outweighed by the danger of unfair prejudice, could lead to confusion of issues, and cause a waste of time. Therefore, to inquire into any arrests or convictions would not be probative of credibility, would unfairly cast plaintiff in a negative light, and thus unfairly prejudice plaintiff.  While Rule 609 does permit evidence of convictions to be

---

[1] According to the "rap sheet" the plaintiff has a total of 17 arrests.

admitted under limited circumstances is does so subject to the requirement of Rule 403, that the probative value not be outweighed by the prejudicial effect.

Additionally, this evidence is inadmissible under Rule 404 (b) which excludes evidence of other "crimes" to prove the "character of person in order to show action in conformity therewith." The only exceptions to this rule are if the evidence at issue would prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However none of the plaintiff's arrests from the distant past qualify as admissible under any of these exceptions to Rule 404(b).

## MOTION IN LIMINE NO. 2

Plaintiff requests, pursuant to Rule 615 of the Federal Rules of Evidence, that non-party witnesses be excluded from the courtroom so that they cannot hear the testimony of other witnesses. Additionally, plaintiff requests that the Court order that defendant and his attorneys not communicate with any potential witness about their testimony. *See e.g., U.S. v. Calderin-Rodriguez*, 244 F.3d 977, 984-985 (8th Cir. 2001).

## MOTION IN LIMINE NO. 3

Defendants have identified as potential witnesses N. Patel and Sara Busking. However, neither of these witnesses were identified as witnesses during the course of discovery in answers to interrogatories or in Rule 26(a) disclosures. Plaintiff first learned of these witnesses on November 29, 2010, months after the close of discovery, weeks after the Final Pretrial Order was originally scheduled to be filed, and long after the defense attorney represented to this Court that discovery was complete. During discovery plaintiff's counsel took the depositions of all individuals identified by the defense. Allowing the defense to identify and call additional witnesses at this late stage of litigation would be fundamentally unfair to plaintiff, and contrary

to the letter and spirit of the Federal Rules of Civil Procedure. Accordingly, plaintiff respectfully submits that the Court must bar N. Patel and Sara Busking from testifying at trial.

## CONCLUSION

Wherefore, for all the foregoing reasons, the Plaintiff respectfully requests that the Court enter an order granting Plaintiff's motions *in limine*.

Respectfully submitted,

By: s/Garrett Browne
 Garrett Browne
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
 gbrowne@efox-law.com