IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO FRYE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 09 C 6787 |
| ) | |
| v. ) | |
| ) | JUDGE GETTLEMAN |
| The City of Chicago, and Chicago Police ) | |
| Officers Christopher Saladino, Star No. ) | |
| 16094, and Daniel Trost, Star No. 10859, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY AND ANY OTHER EVIDENCE OR ARGUMENT REGARDING THE RESULTS OF LABORATORY TESTING OF THE SUBSTANCE ALLEGEDLY RECOVERED FROM PLAINTIFF**

NOW COMES the plaintiff, by his attorney Garrett Browne, and in support of his motion in limine to bar testimony, evidence, and argument relating to the results of laboratory testing of substance allegedly recovered from plaintiff states as follows:

1. Plaintiff previously filed a motion in limine to bar testimony by Sara Busking regarding the results of laboratory testing of a substance allegedly recovered from plaintiff. The Court denied the motion without prejudice on February 10, 2011.

2. Results of laboratory testing in this case are irrelevant as to the issue at the heart of plaintiff's claims –whether on December 30, 2008 (the date of plaintiff's arrest and date criminal complaints were signed) defendants had probable cause to arrest and prosecute plaintiff. Defendants cannot use information they learned a week later (January 5, 2009) to argue that there was probable cause to arrest. *Spiegel v. Cortese,* 196 F.3d 717, 723 (7th Cir. 1999)("the existence of probable cause turns on the information known to officers at the moment the arrest

1

is made, not on subsequently received information."); *Waltby v. Winston,* 36 F.3d 548, 557 (7th Cir. 1994)(Any evidence that comes to light after an arrest is not relevant to the probable cause inquiry.); *Ochana v. Flores,*199 F.Supp.2d 817, 823 (N.D. IL. 2002)( results of laboratory testing not within the knowledge of the police at time of arrest is irrelevant to the probable cause inquiry.). The Court agreed that any laboratory results were not relevant to the issue of probable cause to arrest plaintiff. Accordingly, plaintiffs request that the Court order that no witness or attorney refer to the laboratory results and/or assert that they created probable cause for plaintiff's arrest.

3. However, the Court noted that to the extent that plaintiff's claim of malicious prosecution is based upon the continued prosecution of plaintiff for the charge of possession of a controlled substance, the laboratory results would be relevant for that limited purpose.

4. Plaintiff has subsequently submitted proposed jury instructions that clearly state that plaintiff's malicious prosecution claim at trial will be based solely upon the charges of Aggravated Assault To a Police Officer and Resisting Arrest (Plaintiff's proposed instructions 32 and 33). At trial plaintiff will not assert that he was maliciously prosecuted on the charge of possession of a controlled substance.

5. The law regarding probable cause to arrest is clearly distinct from probable cause to prosecute. Specifically, the Seventh Circuit has held that plaintiffs can proceed with malicious prosecution claims based upon specific charges even if there was probable cause to prosecute on other charges. *Holmes v. Village of Hoffman Estates,* 511 F.3d 673, 682 (7th Cir. 2007)("probable cause to believe an individual committed one crime – and even his conviction for that crime – does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge.").

6.  Accordingly, plaintiff respectfully submits that the laboratory results are not relevant to the trial of plaintiff's malicious prosecution claim because they pertain only to the prosecution on the charge of possession of a controlled substance which is no longer an issue in this case. Therefore, plaintiffs request that the Court order that no witness or attorney refer to the laboratory results and/or assert that they created probable cause for plaintiff's prosecution on the charge of Aggravated Assault and Resisting Arrest.

Wherefore, for all the foregoing reasons, the Plaintiff respectfully requests that the Court enter an order barring any testimony, evidence, and argument relating to the result of laboratory testing of the substance allegedly recovered from plaintiff, or otherwise informing the jury that the substance recovered from the ground near where plaintiff was arrested ultimately tested positive for the presence of cannabis.

Respectfully submitted,

By: s/Garrett Browne
 ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
gbrowne@efox-law.com

3