IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 6787 |
| | ) | |
| The City of Chicago, and Chicago Police | ) | Judge Gettleman |
| Officers Christopher Saladino, Star No. | ) | |
| 16094, and Daniel Trost, Star No. 10859, | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHRISTOPHER SALADINO'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant, Officer Christopher Saladino, by his attorneys, Daniel M. Noland and Derek B. Payette of Dykema Gossett PLLC, for his motion for judgment as a matter of law, or in the alternative for a new trial, states as follows:

1. On April 27, 2011, following a trial in this case, the jury returned a verdict in Officer Saladino's favor on plaintiff's excessive force claim and awarded plaintiff $500 for his false arrest claim. Officer Saladino respectfully requests that this Court grant his motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) as the evidence presented at trial and the reasonable inferences drawn therefrom could not support the false arrest verdict in plaintiff's favor.

2. When determining a motion for judgment as a matter of law where a jury has returned a verdict, the Court decides whether the evidence presented at trial, with all the reasonable inferences drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the non-moving party. *Gower v. Vercler*, 377 F.3d 661, 666 (7th Cir.

2004). When reviewing a jury verdict, the Court does not reweigh the evidence or substitute its own credibility determinations for that of the jury. *Id*. To prevail, the moving party must show that no rational jury could have brought in a verdict against him. *Id*. at 667.

3.      The evidence in this case does not support the jury's verdict against Officer Saladino for the false arrest claim. Plaintiff was arrested and charged with resisting arrest, aggravated assault, and resisting/obstructing a police officer. Once probable cause for arrest is established, all § 1983 liability against the arresting officer is barred even if the person was arrested on additional charges for which there was no probable cause. *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007).

The undisputed evidence at trial was that Officer Saladino, while placing plaintiff under arrest, sprayed his department issued OC chemical spray in plaintiff's face. A reasonable jury could not find that, under the circumstances, Officer Saladino's use of his OC chemical spray on a fully complaint individual whom he did not even have probable cause to arrest was reasonable. To find that Officer Saladino's use of his OC chemical spray was reasonable, the jury necessarily had to find that plaintiff was resisting his arrest in some way. A finding that plaintiff resisted would mean Officer Saladino, by law, had probable cause to arrest plaintiff for resisting/obstructing a police officer, and therefore, by law, could not be found liable on the false arrest claim, even if the jury found he lacked probable cause for the other charges.

4.      In the alternative, Officer Saladino respectfully requests that this Court grant his motion for a new trial pursuant to Federal Rule of Civil Procedure 59 because the jury's verdicts were inconsistent. The verdict for plaintiff on the false arrest claim is inconsistent with the verdict for Officer Saladino on the excessive force claim and the verdicts cannot be reconciled. "As a rule civil juries must return consistent verdicts." *Will v. Comprehensive*

*Accounting Corp.*, 776 F.2d 665, 667 (7th Cir. 1985). A party claiming that inconsistent verdicts have been returned is entitled to a new trial only where "no rational jury could have brought back" the verdicts that were returned. *Id.* at 678. A new trial can be granted where the inconsistencies between verdicts cannot be reconciled. *See Rose v. Hearst Magazines Div.*, 814 F.2d 491 (7th Cir. 1987); *Bates v. Jean*, 745 F.2d 1146, 1151 (7th Cir. 1984). Here, as explained above, no rational jury could have found that Officer Saladino's use of OC chemical spray on plaintiff was reasonable unless plaintiff resisted his arrest in some way, which would entitle Officer Saladino to a judgment in his favor on the false arrest claim. The verdict in plaintiff's favor for the false arrest claim cannot be reconciled with the verdict in Officer Saladino's favor for the excessive force claim.

5. Officer Saladino also requests a new trial based on this Court's ruling barring the results of the Illinois State Police laboratory testing of the marijuana recovered during plaintiff's arrest. The results of the laboratory testing were relevant to plaintiff's false arrest claim because they cast doubt on the credibility of plaintiff's theory that Officer Saladino either planted actual marijuana at the scene or happened to find actual marijuana lying on the ground at the scene. Furthermore, Plaintiff's counsel argued to the jury that it was unknown whether the recovered material actually was marijuana. This argument was factually inaccurate and misleading. Plaintiff should not have been allowed to have evidence barred, and then argue that the evidence's absence at trial supported his theory.

6. In further support of this motion, Officer Saladino requests leave to file a memorandum of law within 30 days, on or about June 23, 2011.

WHEREFORE, Defendant, Christopher Saladino, respectfully requests that this Court grant his motion for judgment as a matter of law, or in the alternative, for a new trial. Officer

Saladino further requests leave to file a memorandum of law in support of this motion within 30 days.

Dated: May 25, 2011                                    Respectfully submitted,


                                                       s/ Derek B. Payette
                                                       DEREK B. PAYETTE
                                                       Attorney for Defendant Saladino

Daniel M. Noland
Derek B. Payette
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2011, I electronically filed the foregoing **Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial** with the Clerk of the Court using the ECF system, which sent notification of the filing the same day to:

Edward M. Fox
Garrett Browne
Ed Fox & Associates
300 West Adams
Suite 330
Chicago, Illinois 60606

                                            s/ Derek B. Payette
                                            DEREK B. PAYETTE
                                            Attorney for Defendant Saladino